# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MICHAEL RODRIGUEZ, | 1:06-cv-00663-OWW-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | (Doc. 1) |
| STONE, et al., | ORDER FOR CLERK TO SEND PLAINTIFF COMPLAINT FORM |
| Defendants. | |

Plaintiff, Shawn Michael Rodriguez ("plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint on April 11, 2006, at the Sacramento Division of the United States District Court for the Eastern District of California. On May 31, 2006, the case was transferred to the Fresno Division of the Eastern District.

## I. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2   exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534
3   U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a
4   short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.
5   Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's
6   claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may
7   dismiss a complaint only if it is clear that no relief could be granted under any set of facts that
8   could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff
9   will ultimately prevail but whether the claimant is entitled to offer evidence to support the
10  claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and
11  unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting
12  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171
13  (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .
14  .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal
15  pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490
16  U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply
17  essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,
18  122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.
19  1982)).

20  **II.    SUMMARY OF COMPLAINT**

21  Plaintiff alleges that the events in the complaint occurred at Pleasant Valley State Prison
22  ("PVSP"), where he is currently incarcerated.  Plaintiff names as defendants Sergeant Stone
23  (mailroom supervisor at PVSP) and "M" (mailroom employee at PVSP).  Plaintiff alleges that
24  defendants denied him access to the courts in violation of the Constitution when "M" refused to
25  process plaintiff's legal mail without postage, delaying filing and service of his habeas corpus
26  petition and rendering his certificate of service void.  Plaintiff seeks injunctive relief by a court
27  order requiring PVSP mailroom employees to provide postage for legal mail for indigent inmates
28  and to process such mail without delay.

III.   **PLAINTIFF'S CLAIMS**

  A.   **Legal Standard**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, No. 03-56712, 2007 WL 2445998, *5 (9th Cir. Aug. 30, 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

  B.   **Access to Courts**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access to the courts is simply the "right to bring to court a grievance," and is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 355. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained"

3

(forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). <u>Christopher v. Harbury</u>, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." <u>Lewis</u>, 518 U.S. at 349-50. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." <u>Id</u>. at 353. To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. <u>Id</u>. at 351; <u>Harbury</u>, 536 U.S. at 415.

Plaintiff alleges that on February 22, 2006, he attempted to serve a copy of his habeas corpus petition on the Placer County District Attorney, the opposing counsel in his criminal case, by delivering mail to the mailroom at the prison. Plaintiff alleges that on the following day, the mail was returned to him with a note that plaintiff needed to provide postage. Plaintiff alleges he is an indigent inmate and cannot pay postage. Plaintiff alleges that on February 23, 2006, he tried again to serve his habeas corpus petition through the prison mailroom, and again the mail was returned to him for lack of postage. Plaintiff alleges that on February 24, 2006, he made the same attempt for a third time, with the same result. Plaintiff asserts that as an indigent inmate, he has the right to be furnished unlimited postage for correspondence with the courts and those holding public office, including lawyers, district attorneys, and senators. Plaintiff alleges that defendant "M", a mailroom employee, improperly refused to process his mail, which caused a delay in the filing and service of his petition and rendered his certificate of service, signed under penalty of perjury, void. Plaintiff alleges that defendant Sergeant Stone was supervising the mailroom employees at PVSP when the events at issue occurred.

Based on the above allegations, the court finds that plaintiff fails to state a claim for denial of access to the courts upon which relief may be granted under section 1983. Plaintiff does not allege facts showing that he suffered an actual injury. Plaintiff alleges that defendants caused a delay in the filing and service of his habeas corpus petition, but plaintiff does not allege any facts showing that "a nonfrivolous legal claim [was] frustrated or was being impeded" or that he was shut out of court as a result of defendants' actions. Furthermore, plaintiff does not

have a constitutional right to postage, even if he is indigent. The Constitution does not provide plaintiff with any guarantee that he may mail whatever he chooses free of charge so long as the documents are being mailed to the courts, those holding public office, lawyers, district attorneys, or senators. Accordingly, plaintiff fails to state a claim upon which relief may be granted under section 1983.

### C. Claim against Sergeant Stone

In his complaint, plaintiff names as defendant Sergeant Stone, supervisor of PVSP mailroom employees. Plaintiff states he is suing Stone in his official capacity for injunctive relief. By this order, plaintiff is provided with the opportunity to file an amended complaint. In amending his complaint, plaintiff is advised to carefully review the following legal standards with respect to his claims against supervisory personnel such as Sergeant Stone.

The Eleventh Amendment bars damages actions under section 1983 against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). For this reason, a damages claim against defendant Stone in his official capacity is not cognizable and must be dismissed from the action. "However there is one exception to this general rule: When sued for *prospective injunctive relief*, a state official in his official capacity is considered a "person" for § 1983 purposes." Doe, 131 F.3d at 839. "[A] suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity." Id. (*citing* Young, 209 U.S. 123 (1908))

The Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena, 976 F.2d at 472. "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law. See Kentucky v. Graham, 473 U.S. 159, 165 (1988). Where plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir.

1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff alleges that defendant Stone was supervising the PVSP mailroom employees during the time when "M" refused to send plaintiff's mail because plaintiff had not provided postage. However, plaintiff has not alleged specific facts indicating that Stone personally participated in the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646. For this reason, plaintiff fails to state a claim for relief against defendant Stone under section 1983.

### C. Due Process

#### 1. Procedural

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff has not alleged any facts that would support a claim that he was

deprived of a protected interest without procedural due process.

### 2. Substantive

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). Plaintiff has not alleged any facts that would support a claim that his rights under the substantive component of the Due Process Clause were violated.

## IV. CONCLUSION AND ORDER

The court finds that plaintiff's complaint fails to state a cognizable claim for which relief can be granted under section 1983 against any of the defendants. The court will provide plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the court in this order, if he wishes.

Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

Plaintiff is also advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an

original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to send plaintiff a blank civil rights complaint form;

2. Plaintiff's complaint is DISMISSED, with leave to amend, for failure to state a claim. Within **thirty (30) days** from the date of service of this order, plaintiff shall:

   a. File a First Amended Complaint curing the deficiencies identified by the court in this order, or

   b. Notify the court in writing that he does not wish to file an amended complaint and pursue the action, but instead wishes to voluntarily dismiss the case;

3. Plaintiff is forewarned that his failure to comply with this order may result in a recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   December 6, 2007**              /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE